

101 N. COLUMBUS ST., SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

May 29, 2013

The Hon. Molly Dwyer
United States Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1518

    Re:   *Richards* v. *Prieto*
           U.S. Court of Appeals, Ninth Cir. No. 11-16255
           Argued December 6, 2012

           <u>Notice of Supplemental Authority, Fed. R. App. P. 28(j)</u>

Dear Ms. Dwyer:

    This Court's reasoning in *Isaacson* v. *Horne*, __ F.3d __, 2013 U.S. App. LEXIS 10187 (9th Cir. May 21, 2013) supports Appellants' challenges to Appellee Prieto's licensing policies and Cal. Penal Code § 26150(a)(1) and (2)'s "good moral character" and "good cause" requirements. *Isaacson* demonstrates that the exercise of rights cannot be made contingent on the approval of others, that barriers absolutely precluding the exercise of rights are not regulations, and that the government's safety concerns cannot negate a right's existence.

    *Isaacson* struck down an Arizona provision barring abortions at 20 weeks' gestational life absent medical emergency, because precedent secures abortion to the point of viability as a right.

> Allowing a *physician* to decide if abortion is medically necessary is not the same as allowing a *woman* to decide whether to carry her own pregnancy to term. Moreover, regulations involve limitations as to the mode and manner of abortion, not preclusion of the choice to terminate a pregnancy altogether.

*Id*. at *6 (emphasis in original).

>The presence of a medical exception does not make an otherwise impermissible prohibition constitutional. The adequacy of the medical exception has no bearing on whether the prohibition is permissible in the first place. The twenty-week law is unconstitutional because it bans abortion at a pre-viability stage of pregnancy; no health exception, no matter how broad, could save it.

*Id.* at *36-*37 (footnote omitted).

This Court also rejected the claim that forbidding abortions at 20 weeks amounts to a regulation on potentially dangerous procedures. Because the right exists to the point of viability, the state could only regulate, but not prohibit, 20-week abortions. *Id.* at *39-*42.

Likewise, because Appellants have a right to carry handguns for self-defense, Appellants' Br. 15-25, prohibiting the exercise of that right absent narrow "good cause" circumstances as determined by Sheriff Prieto at his sole discretion is not a permissible safety-related regulation. Appellants' Br. 44-45, 56. Sheriff Prieto may only regulate the exercise of the right to bear arms, or prohibit the bearing of arms under circumstances to which the right does not extend.

Sincerely,

/s/ Alan Gura
Alan Gura

This body of this letter contains 346 words.

cc: Counsel of Record via ECF

# CERTIFICATE OF SERVICE

On this, the 29th day of May, 2013, I served the foregoing by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 29th day of May, 2013.


                              /s/ Alan Gura
                              Alan Gura