

Bruce A. Kilday*
Carolee G. Kilduff*

John A. Whitesides
Cori R. Sarno
Carrie A. Frederickson
Amie McTavish
Serena M. Sanders
Kevin J. Dehoff
Alex T. Hughes

601 University Avenue Suite 150
Sacramento, CA 95825
Telephone No. (916) 564-6100
Telecopier No. (916) 564-6263
E-Mail: jwhitesides@akk-law.com

*Member of American Board
of Trial Advocates (ABOTA)

November 13, 2013

Clerk
Ninth Circuit Court of Appeals
James R. Browning U.S. Courthouse
95 Seventh Street
San Francisco, CA 94103

      Re:    *Richards v. Prieto, et al.*
              Ninth Circuit Case No.: 11-16255
              FRAP Rule 28(j) & Circuit Rule 28-6 Supp. Authorities

Dear Clerk:

      Appellees Ed Prieto and County of Yolo request the panel take notice of the following decision issued after filing of their brief, oral arguments, and previous Rule 28(j) letters:

      On July 31, 2013, the Third Circuit affirmed the district court's decision in *Piszczatoski v. Filko,* 840 F. Supp. 2d 813 (D.N.J. 2012), which Appellees cited in their October 29, 2012 Notice of Supplemental Authority. *Drake v. Filko,* 724 F.3d 426, 428 (3d Cir. 2013). Subject to several exceptions, New Jersey required a license for public handgun carrying, and conditioned issuance upon a showing of "justifiable need," defined such to exclude a general desire for self-defense. The district court and Third Circuit upheld the statutory scheme. The latter summarized its holding as "the requirement that applicants demonstrate a 'justifiable need' to publicly carry a handgun for self-defense qualifies as a 'presumptively lawful,' 'longstanding' regulation and therefore does not burden conduct within the scope of the Second Amendment's guarantee." *Id*., at 430. The Third Circuit continued to state that "even if the 'justifiable need' standard did not qualify as a 'presumptively lawful,' 'longstanding regulation,' . . . it would withstand intermediate scrutiny, providing a second, independent basis for concluding that the standard is constitutional." *Ibid*. During the course of its opinion, the Third Circuit assumed that to at least some extent the right to bear arms extends beyond the home. *Id*., at 431. A petition for rehearing *en banc* was denied on August 27, and the court thereafter extended the time for a *certiorari* petition.

      The Third Circuit's *Drake* opinion favorably cites the Fourth Circuit's recent decision in *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013), which Appellees discussed in their April 12, 2013 supplemental authority letter. The Supreme Court denied certiorari in *Woollard* on October 15, 2013. The Court also last April 15 denied certiorari in *Kachalsky v. County of Westchester*, 701 F.3d 81, 89 (2d Cir. 2012), which *Drake* cites, and which Appellees cited in their November 28 and December 14, 2012 supplemental authority letters.

      Very truly yours,

      ANGELO, KILDAY & KILDUFF, LLP

      */s/ John A. Whitesides*

      By:    JOHN A. WHITESIDES

The body of this letter contains 336 words.

cc:    All Counsel of Record (via CM/ECF)