

101 N. COLUMBUS ST., SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665



WWW.GURAPOSSESSKY.COM

November 26, 2013

The Hon. Molly Dwyer
United States Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1518

    Re:   *Richards* v. *Prieto*
           U.S. Court of Appeals, Ninth Cir. No. 11-16255
           Argued December 6, 2012

<u>Response to Notice of Supplemental Authority, Fed. R. App. P. 28(j)</u>

Dear Ms. Dwyer:

    Plaintiffs submit that Judge Hardiman's dissent in *Drake* v. *Filko*, 724 F.3d 426 (3d Cir. 2013), had the better of the argument. But that is not to say that the majority's opinion is not instructive.

    The *Drake* majority contradicts itself. "Assuming that the Second Amendment confers [sic][1] upon individuals some right to carry arms outside the home," the court "nevertheless" held a law restricting handgun carry permits "regulates conduct falling outside the scope of the Second Amendment's guarantee." *Id.* at 434. *Drake* asserted that carrying handguns for self-defense fell outside the Second Amendment's scope on account of twentieth century New York and New Jersey laws giving police total discretion to license handgun carrying. *Id.*

    Of course, nothing state legislatures enacted in the twentieth century could alter the scope of constitutional amendments ratified in

---

[1] The Second Amendment does not "confer" rights. "[I]t has always been widely understood that the Second Amendment, like the First and Fourth Amendments, codified a *pre-existing* right." *District of Columbia* v. *Heller*, 554 U.S. 570, 592 (2008).

1791. *Heller*, 554 U.S. at 576; *Adamson* v. *California*, 332 U.S. 46, 63 (1947) (Frankfurter, J., concurring) (citation omitted), *overruled on other grounds by Malloy* v. *Hogan*, 378 U.S. 1 (1964).

However, Plaintiffs agree with the *Drake* majority's inherent assumption that regulating handgun carry permits on a completely discretionary basis is incompatible with the concept that individuals enjoy a *right* to carry handguns for self-defense.

The Supreme Court's denial of certiorari in *Woollard* v. *Gallagher*, 187 L. Ed. 2d 201 (2013) and *Kachalsky* v. *Cacace*, 133 S. Ct. 1806 (2013), is irrelevant. "[A]s the bar has been told many times," *United States* v. *Carver*, 260 U.S. 482, 490 (1923), "a denial of certiorari is not a ruling on the merits of any issue raised by the petition." *Evans* v. *Stephens*, 544 U.S. 942 (2005) (Opinion of Stevens, J., respecting denial of certiorari). Sometimes, the Supreme Court waits until at least one circuit decides an issue correctly before entering the fray. See, *e.g.*, *Heller* (affirming *Parker* v. *District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), overruling numerous contrary decisions).

        Sincerely,

        /s/ Alan Gura
        Alan Gura

This body of this letter contains 350 words.

cc: Counsel of Record via ECF

# CERTIFICATE OF SERVICE

On this, the 26th day of November, 2013, I served the foregoing by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 26th day of November, 2013.

/s/ Alan Gura
Alan Gura