

101 N. Columbus St., Suite 405
Alexandria, Virginia 22314
Tel 703.835.9085
Fax 703.997.7665

www.gurapossessky.com

November 26, 2013

The Hon. Molly Dwyer
United States Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1518

 Re: *Richards* v. *Prieto*
   U.S. Court of Appeals, Ninth Cir. No. 11-16255
   Argued December 6, 2012

   <u>Notice of Supplemental Authority, Fed. R. App. P. 28(j)</u>

Dear Ms. Dwyer:

 This Court's recent decision in *United States* v. *Chovan*, No. 11-50107, 2013 U.S. App. LEXIS 23199 (9th Cir. Nov. 18, 2013) calls for reversal.

 *Chovan* adopted, for at least some Second Amendment cases, the two-step inquiry by which courts first ask whether a regulation implicates Second Amendment rights, and if so, tailor a level of *heightened* scrutiny based on the extent to which the regulation implicates the Second Amendment. *Id.* at *22-*23. "[W]e reject rational basis review and conclude that some sort of heightened scrutiny must apply." *Id.* at *26.

 *Chovan* thus precludes the notion that heightened scrutiny "applie[s] only where a *substantial* burden was imposed." Appellees' Br. at 31. Notably, *Chovan* followed *Ezell* v. *City of Chicago*, 651 F.3d 684 (7th Cir. 2011), see 2013 U.S. App. LEXIS 23199 at *23, *26-*27, which specifically rejected an "undue burden" test. *Ezell*, 651 F.3d at 706-07.

Accordingly, if means-ends scrutiny must apply to California's "good cause" law, and/or to Sheriff Prieto's challenged policies (Plaintiffs challenge both), Appellants' Br. 7-8, 44-45, neither the rational basis test applied by the lower court, nor Defendants' proposed "substantial burden" test are available.

In *Chovan*, this Court applied intermediate scrutiny in evaluating 18 U.S.C. § 922(g)(9) because, although that provision substantially burdened Second Amendment rights, Chovan was not "a law-abiding, responsible citizen." *Chovan*, at *27. *Chovan* alternatively described the Second Amendment's "core" as the right "to use arms in defense of hearth and home" and "to possess and *carry* a weapon for self-defense." *Id.* (citations omitted) (emphasis added). *Chovan* did not concern carrying handguns outside the home for self-defense.

Even if carrying handguns for self-defense falls outside the Second Amendment's "core," a claim Plaintiffs reject, Sheriff Prieto's practices implicate law-abiding responsible citizens' exercise of a fundamental right. If any means-ends standard applies, the standard would be strict scrutiny. But Plaintiffs should prevail even under intermediate scrutiny, as Sheriff Prieto can have no legitimate interest in restricting a fundamental right, and his practices do not substantially fit any important policy goals. Appellants' Br. 56-58; Reply Br. 17-28.

Sincerely,

/s/ Alan Gura
Alan Gura

This body of this letter contains 343 words.

cc: Counsel of Record via ECF

# CERTIFICATE OF SERVICE

On this, the 26th day of November, 2013, I served the foregoing by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 26th day of November, 2013.


/s/ Alan Gura
Alan Gura