

February 13, 2014

The Hon. Molly Dwyer
United States Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1518

    Re:   *Richards* v. *Prieto*
           U.S. Court of Appeals, Ninth Cir. No. 11-16255
           Argued December 6, 2012

    <u>Notice of Supplemental Authority, Fed. R. App. P. 28(j)</u>

Dear Ms. Dwyer:

    The panel's opinion in *Peruta* v. *County of San Diego*, No. 10-56971, requires reversal in the instant case.

    In *Peruta*, the majority did not reach the constitutionality of California's licensing requirement, slip op. 62 n.19, but rather found it sufficient to strike down San Diego County Sheriff Gore's specific licensing policy.

    Plaintiffs' complaint here challenged not only the constitutionality of California's statutory scheme, but also, separately and apart, the constitutionality of Defendants' policies and practices, ER 19-26, as applied against Plaintiffs. *See, e.g.,* Second Amended Complaint, ER 67 (naming Sheriff Prieto "for formulating, executing and administering Yolo County's laws, customs, practices, and policies at issue in this lawsuit"); ER 69 ("Defendant Prieto's written policy regarding the issuance of gun carry permits includes among 'examples of invalid reasons to request a permit' 'self-protection and protection of family

(without credible threats of violence)"'"); ER 70 (challenge to Defendants' policies); ER 71 (seeking injunction against enforcement of statutory "good cause" and "good moral character" requirements against qualified applicants seeking permit "for self-defense," and asserting "as applied" challenge).

Plaintiffs have always made clear their objection to Prieto's specific policies. Appellants' Br. at 7-10 (recounting Prieto's policies and their application). And they have argued that they are entitled to reversal even if the challenge must be limited to Prieto's policies. Appellants' Br. at 44-45; Reply Br. at 32; *see also* Appellants' Br. at 47. "Defendants' challenged practices violate the Second and Fourteenth Amendments when analyzed under a means-ends level of scrutiny." Appellants' Br. at 52; *id.* at 57-58.

Sheriff Prieto's policies are no better than Sheriff Gore's. This Court need not duplicate the *Peruta* opinion, nor reach Plaintiffs' facial claims. An order noting that Plaintiffs are entitled to judgment on their as-applied claims in light of *Peruta* should now resolve this case.

        Sincerely,

        /s/ Alan Gura
        Alan Gura

This body of this letter contains 297 words.

cc: Counsel of Record via ECF

# CERTIFICATE OF SERVICE

On this, the 13th day of February, 2014, I served the foregoing by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 13th day of February, 2014.

/s/ Alan Gura
Alan Gura